## STATE *EX RELATIONE* GOODGION v. LATIMER.

1. Cases stated in which trial justices have jurisdiction in matters of ejectment.
2. A summons in ejectment must show upon its face the allegations necessary to give a trial justice jurisdiction.    Where the only charge is that the respondent was in the *unlawful possession* of the premises, no jurisdictional fact appears, and the proceeding is void.
3. Where a party in possession of land under a mortgagor agreed with the purchaser at the foreclosure sale to lease the land from him, but afterwards declined to do so and refused to surrender possession, such party is not a tenant at will, nor is there any expiration of lease, nor failure to pay rent when due, and therefore a trial justice has no jurisdiction to summarily eject him.

Before KERSHAW, J., Greenville, July, 1886.

The facts of the case, as agreed upon by counsel, are stated in the opinion.    In return to the writ of *certiorari*, the trial justice reported as follows:

The above cause was heard before me on the 8th day of June, 1886.    Plaintiff and defendant both appeared in person and were

represented by counsel. Testimony was submitted on behalf of plaintiff; the defence put up no witnesses. The case, as appears by the testimony herewith filed, shows that the defendant asked of plaintiff's agent permission to remain on the land. This permission was accorded on condition that defendant should satisfactorily secure plaintiff for rents for the year. This defendant promised to do, but after demand failed to carry out the agreement, whereupon plaintiff brought suit in ejectment. The defendant did not claim the right to hold possession of the land in dispute by virtue of any claim of ownership therein, or because of any lease existing at the time of plaintiff's purchase. Had such been the case, I would have had no jurisdiction, and upon its being made so to appear under the method indicated by the statute (sections 79 and 80, *Code of Procedure*), I would have refused to act. Upon the evidence before me, I concluded, as matter of fact, that the defendant had acknowledged that he held as tenant at will of plaintiff, and had agreed to give satisfactory security for payment of rent; that he had failed to give the said security upon demand, and was therefore in the position of a tenant in arrears for rent or a trespasser, and in either view that the owner of the property had the right to have possession thereof by a summary proceeding. I therefore so adjudged and declared my intention to issue a writ of ejectment, which was stayed upon notice that a writ of *certiorari* would be asked for. Said writ has been this day served upon me, and in accordance with its precept I file this return thereto.

The Circuit Judge passed the following order, omitting his statement of the facts and of General Statutes, sections 1814–1819:

As the last section alone authorizes the person in possession to be ejected upon no more than three days' notice, it is evident that here the trial justice proceeded under this section. As the section does not authorize such a proceeding in the case of a person "in the unlawful possession of land" of another, which is the complaint here made, it follows that the trial justice was without jurisdiction in the premises, and the proceedings must be set aside. If we look into the proof made below, it will be found that the facts do not bring the case within any of the provisions,

of the section, which is equally conclusive against the jurisdiction claimed or attempted to be exercised. These statutes must be strictly pursued and strictly construed. *Baldwin* v. *Cooley*, 1 *S. C.*, 260.

The return shows no proper service of notice, because it does not appear to have been made by a person duly appointed, nor by any officer appointed by law for that purpose. *State ex rel. McCall* v. *Cohen*, 13 *S. C.*, 198. That is necessary to give jurisdiction, unless the party voluntarily appear, and in cases of this character it is doubtful if a voluntary appearance would cure the jurisdictional defect, because the act requires the notice to be served, which means legal service, as the jurisdiction will not otherwise attach.

It is therefore ordered and adjudged, that the proceedings in ejectment herein be set aside and declared void for want of jurisdiction, and that further proceedings thereunder be prohibited, and that a writ of prohibition do issue for that purpose, and that the respondent herein, Hattie F. Latimer, pay the costs of this proceeding.

From this order the respondent below appealed to this court.

*Messrs. J. A. Mooney* and *W. H. Irvine*, for appellant.

*Messrs. Bellinger & Clyde*, contra.

March 1, 1887. The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON. This was a *certiorari* proceeding to test the jurisdiction of trial justice C. M. Furman, in ordering the relator ejected from certain real estate claimed by the respondent, Hattie F. Latimer. The facts are as follows: In July, 1882, the assignee of the Sullivan Manufacturing Company sold the property known as the Fork Shoals, or Sullivan Factory, with the lands appurtenant, to Huff & Co., the purchasers paying one-third of the purchase money in cash, and securing the remainder by a mortgage of the property. On July 23, 1883, a suit to foreclose this mortgage was instituted in the Circuit Court for Greenville County. On July 24, 1883, Huff & Co. conveyed this property to Hewlett Sullivan. On August

3, 1883, Hewlett Sullivan conveyed to John H. Latimer, James H. Latimer, John H. Latimer as trustee, and Fannie A. Goodgion, the wife of the relator.

*Lis pendens* in the foreclosure suit was not filed until after these conveyances, to wit, not until August 10, 1883. The property was not sold under the foreclosure judgment, which was obtained in April, 1884, until April 3, 1886. At this sale Hattie F. Latimer became the purchaser, at which time the relator, Goodgion, was in possession of part of the premises. After the sale, on the same day, Goodgion asked Dr. Latimer, the husband of Hattie F., if he could remain on the premises during the remainder of the year, to which Latimer assented if Goodgion would secure the rent, which he agreed to do. Latimer soon thereafter demanded of Goodgion a written contract for rent, which was refused, whereupon the action for ejectment was commenced before the trial justice on June 1, 1886.

The trial justice issued a summons, of which the following is a copy: "To J. W. Goodgion. Complaint having been made unto me by Hattie F. Latimer that you are in the unlawful possession of her premises at Fork Shoals, in this State and county. This is therefore to require you to appear before me at my office in Greenville, S. C., within three days from the service of this summons to answer to the said complaint, or judgment will be given against you by default for the possession of the same." This was served by one Newman, who was neither a constable nor had any written authority to make service. Goodgion, however, appeared on the third day, and the trial was fixed for the eighth day. At the trial the facts as above stated were brought out in substance by the plaintiff. The defendant offered no evidence, and upon the trial justice announcing his purpose to issue an order of ejectment, the *certiorari* proceeding was instituted, which was heard by his honor, Judge J. B. Kershaw, who adjudged the trial justice without jurisdiction and ordered the ejectment proceedings to be set aside with costs, &c.

The main question in the appeal is, whether the trial justice had jurisdiction. There are four classes of cases in which trial justices have jurisdiction in matters of ejectment for summary action: 1st. Where tenants desert the premises and fail to pay

the rent. *General Statutes*, §§ 1814–1816. 2nd. Where tenants hold over after the determination of any lease—two trial justices having jurisdiction in such case. 3rd. Where any person or persons have gone or shall hereafter go into possession of any land or tenements of another either as a tenant at will, or under contract to serve another as a domestic servant or common laborer or otherwise, and shall refuse or neglect to give up the premises so occupied when required by the person letting the same, or upon the determination of the contract, either by its own limitations or for any other cause, the trial justice may proceed to eject after ten days' notice. *Gen. Stat.*, § 1818. 4th. In all cases where tenants hold over after the expiration of their leases or contract of rent, whether the same be in writing or by parol, or shall fail to pay the rent when it shall become due, upon the landlord entering and demanding possession with a refusal to surrender, he may apply to a trial justice, who may eject upon three days' notice. *Gen. Stat.*, § 1819.

Now, to give a trial justice jurisdiction, the record must show a case falling under some one of these sections. The only paper in this case seems to have been the summons. Does it show upon its face either a tenant deserting the premises and leaving the rent unpaid, or a tenant holding over after the determination of his lease? Or a person who had gone into the possession of the respondent's land as a tenant at will; or under contract as a domestic servant or common laborer or otherwise; and who has refused or neglected to give up the premises on demand? Section 1818. Or does it show a tenant holding over after the expiration of his lease or contract of rent, or who has failed to pay his rent when due? Section 1819. Upon reading the summons, it will be seen that the charge contained falls under neither of these sections. On the contrary, the only charge is that the defendant was in the "unlawful possession" of the premises of Mrs. Latimer, which, if anything, was the foundation of an action in the Court of Common Pleas. The summons then issued by the trial justice, which was the only paper before him, being entirely without any jurisdictional fact, it is apparent without more that he could not proceed, independent of the other irregularities in the case.

Nor do we think that the testimony cured the defect. This certainly did not bring the case under section 1818, as there was no tenancy at will, or a contract to serve as a domestic servant, a common laborer, or otherwise, proved, and if it did, then the ten days' notice was not given. Nor does it bring it under section 1819, as there was no expiration of a lease proved, nor a failure to pay the rent when due, the proof being that the relator had not secured the rent by a written contract.

It is the judgment of this court, that the judgment below be affirmed.