[No. 4095.]

RICE, TREASURER, ET AL. V. THE COLORADO SMELTING CO.

1. STATUTES—UNCONSTITUTIONAL SECTION—AMENDMENT.

Where an act of the legislature containing a section obnoxious to section 21 article 5 of the constitution as not coming within the subject matter expressed in the title is amended by an act entitled an act to amend the act, repeating the title thereof, which amendatory act amends the void section by adding thereto a clause that brings it within the meaning of the subject matter of the title, the rule that a void section of a statue cannot be amended has no application since the title of the amendatory act makes it an amendment of the act and not an amendment of the section.

2. CITIES AND TOWNS—WITHDRAWAL OF TERRITORY FROM CORPORATION—STATUTES—REPEAL.

Section 2742 Gen. Laws 1877 as amended in 1879 (Mills Ann. Stats. sec. 4530) so far as it applied to cities and incorporated towns was superseded and repealed by the act of 1891 (Laws 1891, page 392) providing for the disconnection of territory from cities and towns and the act of 1891 was expressly repealed by the act of 1893 (Laws of 1893, page 461) so that there is no statute in the state authorizing the disconnection of territory from a city or incorporated town.

*Appeal from the District Court of Pueblo County.*

When the town of Bessemer was incorporated, the tract of land then and now owned by The Colorado Smelting Company was included within its limits. Under "An Act to provide for Contiguous Towns and Cities to become annexed" (Laws of 1893, p. 45), the town of Bessemer and the city of Pueblo were consolidated under the name "City of Pueblo" in the year 1894. In the year 1896 The Colorado Smelting Company executed its "deed of vacation," containing the following clause: "Now, therefore, The Colorado Smelting Company, the owner of said lands and premises aforesaid, does hereby pursuant to law, vacate the said lands and premises, and every part thereof, of and from the operation of the said recorded plat, and does hereby disincorporate, withdraw and disconnect the whole, and every

part of said lands and premises from the corporate limits of the said city of Pueblo, and withdraw the same from without the jurisdiction of said city, for any purposes whatsoever, and that from and after the execution, acknowledgement and recording of this deed, the whole and every part of said lands and premises shall be held and deemed to be without the corporate limits of said city and withdraw from the jurisdiction thereof, with the same force and effect as though said premises had never been included within the corporate limits of either said Town of Bessemer, or said City of Pueblo."

Then follows a description of the land.

It is admitted that this land has never been platted; that it is in part bounded by the exterior lines of the city of Pueblo; that no expenditure of money has been made or incurrred by the municipalities of the consolidated city for the improvement or benefit of said lands; that this land was advertised for sale by the county treasurer of Pueblo county for the taxes of 1897; that included in the tax was the amount levied for general municipal purposes of the city of Pueblo, and a levy to meet the payment of interest upon the bonded indebtedness of the town of Bessemer; that the property is used solely as a site for the smelting plant of The Colorado Smelting Company; that all of said land is necessary for the operation of said plant; and that all the corporate and proprietary interests would be as well subserved by said premises being without the corporate limits of said city as within them.

The case was submitted to the court upon an agreed statement of facts, all of the foregoing facts being admitted. The court found in favor of the plaintiff, and that since the execution of the deed of vacation, the property described, except a small portion thereof, was not subject to city taxes; and perpetually enjoined the county treasurer from collecting taxes levied for municipal purposes of the city of Pueblo upon said property. From which judgment the defendant appealed to this court.

Mr. G. W. COLLINS for appellants.

Mr. JOHN M. WALDRON for appellee.

Mr. JUSTICE STEELE delivered the opinion of the court.

The only question submitted to us is whether or not the owner of property within the limits of an incorporated town, or of a city, can by deed disconnect the property from the municipality.

Section 2742 of the General Laws of 1877 is as follows:

"2742. Sec. 101. When any tract of land may have been, or may hereafter be filed upon, platted and recorded as a town site in accordance with the provisions of any act of congress or law of Colorado, and no town organization under the laws of Colorado shall have been perfected by the inhabitants residing thereon, or the owners thereof, the same may be vacated by consent of all such inhabitants or owners, and be disposed of as the said inhabitants or owners' shall agree; *provided,* that a statement, signed and certified to by a majority of said inhabitants or voters, setting forth the fact of the vacation of such town site, be filed with the clerk of the county in which the same shall be situated."

This section was amended in 1879, by adding to it the following:

"When any tract of land has been recorded as a town site, or has been annexed as an addition to a town site, any part or portion thereof may be vacated upon the written consent of all the owners of that part or portion which it is proposed to vacate; *provided,* that no expenditures of money have been theretofore made or incurred by said town for the improvement or benefit of said part or portion, and that the same is bounded in whole or in part by exterior town lines, and that when so vacated a statement, subscribed by such owners, setting forth the facts of such vacation, together with an accurate description map and plat of such part vacated, shall be filed in the office of the clerk and recorder of the county in which such town is situated." (Laws

1879, p. 197.)

Counsel for the smelting company claims that section 2742 of the General Laws, as amended, authorizes the owners of land lying within the corporate limits of a town to withdraw the property from the town, provided the location of the town is as designated in the statute and no money has been expended by the town upon the property sought to be withdrawn. It is conceded by counsel that section 2742 is void for the reason that it is obnoxious to section 21, article 5, of the constitution. The title of the act in which section 2742 is contained is, "An Act in relation to Municipal Corporations." The section referred to does not deal with municipal corporations, but with town sites in cases where "no town organization has been perfected under the laws of Colorado." The title of the act of 1879 is, "An Act to amend an act entitled An Act in relation to Municipal Corporations: Approved April 4, 1877." Under this title, any matter pertaining to municipal corporations may be included; and we are of opinion that the authorities which hold that a void section of a statute cannot be amended, and the authorities which hold that the amendment must be germane to the section amended, have no application. If the title of the amendatory act were, "An Act to amend Section 101 of An Act entitled, etc.," then these authorities would be in point. The title to the amendatory act is, however, broader than the subject of section 101, which is amended, and contains the whole subject of municipal corporations. The title of the act being broad enough to include legislation on the subject of municipal corporations, it remains for us to consider the question raised as to whether or not the section by its terms deals with municipal corporations, or with town sites only. We are of opinion that the amendment proper deals with town sites, and additions to town sites under certain conditions; without regard to whether the town is incorporated or not; and that, in so far as the section applies to towns which have been incorporated, it is constitutional, and that, in its application to towns

which have not been incorporated, it is inoperative because the subject of unincorporated towns is not embraced in the title.

In the statutes of Colorado, and in the states and territories of the west generally, the word "town-site" means, unless a different meaning is expressed, that portion of the public domain which is segregated from the great body of government land, by proper procedure and authority, as the site for a town. No law of this state has been cited by counsel which provides for town-sites on the land of the state, and we know of no such statute. We do not understand the use in the statute in question of the words "or law of Colorado," and there is no occasion to enter the realm of conjecture.

The town of Bessemer was not entered as a town-site, nor was the land in controversy annexed as an addition to the town of Bessemer. The land of The Colorado Smelting Company was included in the original incorporation of the town of Bessemer and became, upon the completion of the incorporation, a part of the town. The city of Pueblo was originally located as a town-site, but neither the land in controversy nor the town of Bessemer was annexed as an addition to the city of Pueblo,—the city and the town having been annexed as contiguous municipalities.

We are of opinion that the law of 1891 providing for the disconnection of territory from cities and towns (Laws of 1891, p. 392), superseded the law of 1877, and repealed it in so far as it applied to incorporated cities and towns. The law of 1891 was expressly repealed by the statute of 1893 (Laws of 1893, p. 461). The law of 1877 having been repealed by the law of 1891, and the law of 1891, by the law of 1893, there is no statute in the state authorizing the disconnection of territory, platted or unplatted, from a city or from an incorporated town.

For the reason given, the judgment of the district court is reversed and the cause remanded.

                                        *Reversed...*