## METROPOLITAN LIFE INSURANCE COMPANY v. LUKE J. KEATING.[1]

No. 29,627.

May 11, 1934.

*F. L. & E. V. Cliff,* for appellant.
*James F. Fahey,* for respondent.

*STONE, Justice.*

Ejectment, the decision below for defendant. Plaintiff's motion for amendment of findings so as to result in judgment in its favor was denied. Thereupon judgment was entered for defendant. Plaintiff appeals.

Plaintiff claims under a mortgage, since foreclosed, made under date of November 29, 1920. It was later assigned to plaintiff. Because of its foreclosure, plaintiff, as against defendant, is now the

[1]Reported in 254 N. W. 813.

conceded owner of all lands covered by the mortgage. The subject matter of this action is the small tract of some five acres hereinafter considered.

All the lands are in Big Stone county. The following is a copy of the determinative portion of the description in the mortgage, except that we have supplied the italics and divided it for convenience of treatment into numbered subparagraphs:

1. "The south half of the southwest quarter of the southeast quarter (S½ SW¼ SE¼) except railroad right of way *and townsite;*

2. "South half of southeast quarter of southeast quarter (S½ SE¼ SE¼) except railroad right of way *and townsite;*

3. "South half of southeast quarter of southwest quarter (S½ SE¼ SW¼) except railroad right of way *and townsite;*

4. "Southwest quarter of southwest quarter (SW¼ SW¼);

5. "North half of southeast quarter of southwest quarter (N½ SE¼ SW¼);

6. "North half of south half of southeast quarter (N½ S½ SE¼) except outlot thirty three (33), all in section four (4) * * * containing one hundred thirty-one and 40/100 (131.40) acres, more or less, according to the United States government survey thereof."

To facilitate understanding, a plat is appended. The heavy line is the north boundary and parts of the east and west boundaries of the village of Graceville. Within those boundaries is King's addition, platted and subdivided as indicated. Running almost due east and west through the portion of the village shown on the plat and through all of King's addition are the tracks and right of way of the Great Northern Railway Company. Indicated by diagonal lining are the unplatted lands, within the "townsite" and outside King's addition, which are described by the mortgage. The numbers 1, 2, 3, and 4, within circles, refer to the numbered paragraphs of the description as given above. Tract No. 2, in the south half of the southeast quarter of the southeast quarter (S½ SE¼ SE¼) of section 4 includes the rectangle in solid black which is the subject matter of this action.

It will be observed that the descriptions, ignoring for the moment the exceptions, embrace the four south 40s of section 4. It will be further observed that description No. 1 covers the south half of the southwest quarter of the southeast quarter (S½ SW¼ SE¼), and No. 2 the south half of the southeast quarter of the southeast quarter (S½ SE¼ SE¼), each, without the exceptions, a 20-acre tract. Description No. 4 is the first to cover a whole 40, the southwest quarter of the southwest quarter (SW¼ SW¼). Description No. 5 covers the 20 acres north of the 20 described in No. 3, and description No. 6 the lands, 40 acres, north of those embraced by descriptions Nos. 1 and 2, that is, the north half of the south half of the southeast quarter (N½ S½ SE¼).

■ Doubtless, as claimed for defendant, "townsite" ordinarily means "that portion of the public domain which is segregated from the great body of government land, by the proper procedure and authority, as the site for a town." Rice v. Colorado S. Co. 28 Colo. 519, 523, 66 P. 894, 895; 8 Wd. & Phr. (1 ser.) 7032. If that were all, defendant might claim that the mortgage did not create any lien upon or otherwise affect the lands embraced by descriptions Nos. 1, 2, and 3; for all of them are within the "townsite" of the village of Graceville. Under the pleadings and theory of trial, the only land defendant claims as against plaintiff is the five-acre tract already referred to, indicated in black on the plat. It is within description No. 2, but defendant insists that it was excepted because part of the "townsite" of Graceville. Why defendant claims, as against plaintiff, only five of the many more acres within descriptions Nos. 1, 2, and 3 does not appear. He testified that it was not his intention to mortgage any property within the village limits. In other words, the purport of his testimony as well as the logical result of his theory is that none of his land within the village limits was to be covered. But, as already indicated, the issues and theory of trial restrict that claim to the five acres already referred to.

■ The three descriptions excepting "railroad right of way and townsite" may be considered as though the mortgage contained no others. If that were the case and we were to construe the mortgage as defendant wants it construed, we would nullify the whole instru-

ment and hold that nothing was mortgaged. The same considerations apply to the three descriptions as though they were the only ones in the instrument. In one case no more than the other may we ignore significant contractual language, and find no grant where, plainly, a grant was intended. The only way that we can give effect to the three descriptions, ambiguous when applied to their subject, is by holding that the exceptions apply only to the lands within King's addition, leaving the mortgage applicable to the land outside thereof but within the village limits. The conclusion is inescapable that the word "townsite," as used in the mortgage, was intended to apply only to the actually platted lands within King's addition, and not to embrace those unplatted outside thereof but within the village limits.

The mortgage is to be construed as a whole. Particularly is all of the description to be kept in mind in determining the meaning of any of it. It is not to be supposed that the parties would use much and pregnant language uselessly. It is not to be thought that they would describe, as within the grant, a given tract and then by exception remove the whole of it from operation of the grant. If there is reasonable interpretation which will prevent ascribing any such futile practice to both grantor and grantee and yet give reasonable effect to their language, that interpretation must be adopted. A construction that would render a grant nugatory "should not be adopted unless the language is such as to admit of no other reasonable construction." St. Anthony Falls W. P. Co. v. City of Minneapolis, 41 Minn. 270, 274, 43 N. W. 56, 57.

If, as defendant claims, it was the intention not to mortgage any land within the village limits, that is, within the townsite proper, it is just unthinkable that the lands covered by descriptions Nos. 1, 2, and 3 would have been mentioned at all. Of his lands in section 4, only those embraced in descriptions Nos. 4, 5, and 6 would have been included. It is not to be supposed that competent parties would so carefully phrase such descriptions as are Nos. 1, 2, and 3 and then by equivocal exception withdraw from the operation of the grant all the land so meticulously described.

There must have been a purpose in descriptions Nos. 1, 2, and 3, and we think it plain from their language in application to its subject matter. That portion of the "townsite" of the village of Graceville, in which we are now interested, outside of King's addition is unplatted. That addition is platted into lots and blocks and the streets dedicated to public use. We come to the conclusion that the word "townsite" as used in the exceptions from descriptions Nos. 1, 2, and 3 was intended to mean that part of the "townsite" platted and within King's addition and not to include that part of the "townsite," in the area now in question, lying outside of King's addition. Either that must be the conclusion· or we must nullify *in toto* descriptions Nos. 1, 2, and 3. Such deletion of an important and substantial part of the mortgage is prohibited by all rules of construction applicable to deeds. 2 Dunnell, Minn. Dig. (2 ed. & Supp.) § 2686. In passing it may be noted that the construction we adopt is necessary to make the mortgage cover the area in acres for which it calls. Defendant admits having read the mortgage before he signed it. His testimony is such as to prevent, and he does not make, claim that he was ignorant of any of its language. If he did not intend to include any land within the village limits, it is passing strange that he signed the mortgage containing three separate descriptions of such lands. Another circumstance militating against his present contention is that if it had been intended not to include land in section 4 within the village limits, express exception of the Great Northern Railway Company right of way would have been surplusage.

Judgment reversed.

## ON APPLICATION FOR REARGUMENT.

On June 25, 1934, the following opinion was filed:

*PER CURIAM.*

Plaintiff's petition for rehearing simply raises the question whether, under our decision, there is any reason why defendant should be permitted a new trial. The one and decisive issue having been disposed of as matter of law, it would seem · that the case should be at once and finally disposed of below in plaintiff's favor.