14569

SESSIONS v. JOHNSON

(193 S. E., 635)

*Mr. Cordie Page,* for appellant, cites:

*Messrs. W. Kenneth Suggs, J. Reuben Long* and *G. Lloyd Ford,* for respondent, cite:

November 12, 1937.

The opinion of the Court was delivered by MR. JUSTICE FISHBURNE.

This was a proceeding instituted before a magistrate of Horry County, to eject the defendant, George Johnson, from certain lands alleged to have been leased by plaintiff to defendant for the years 1935 and 1936, upon the ground that the defendant held over after the expiration of his lease and refused to pay rent when due.

Upon the trial of the case, the magistrate overruled the appellant's demurrer, after which he filed his return and answer. The magistrate rendered judgment for the plaintiff, and, upon appeal to the Circuit Court, the judgment was affirmed.

The defendant has appealed from the order of the Circuit Court upon several exceptions, involving the merits of the case, and also assigns error because of the Court's failure to sustain his demurrer.

In our opinion Exception 3 must be sustained. As the decision of the question raised by this exception disposes of the case, it will not be necessary to consider other exceptions.

Exception 3 assigns error to the Circuit Court in overruling and not sustaining defendant's ground of demurrer: "That it does not appear in the petition that there has been any demand made on respondent for possession of the premises and that the respondent has refused or resisted, whereas he should have held that it is necessary for the notice, or

petition, if taken as a part of the notice, to show that possession has been demanded and refused, in order to show a case in the magistrate's jurisdiction."

Section 8813 of the 1932 Code, under which this ejectment proceeding was brought, provides: "In all cases where tenants hold over after the expiration of their lease or contract for rent, whether the same be in writing or by parol, or shall fail to pay the rent when the same shall become due, the landlord is hereby authorized and empowered, either in person or by agent, to demand possession thereof from the tenant or person in possession thereof; and in case of refusal or resistance, it shall be lawful for the person so letting said premises, houses or tenements, his agent or attorney, to apply to a magistrate, whose duty it shall be to have a notice served upon the person or persons so refusing to be dispossessed to show cause, before him, if any he can, within three days from the date of said personal service, of such notice, why he should not be dispossessed; and if he fails to show sufficient cause, it shall be the duty of the magistrate forthwith to issue his warrant, directed to the sheriff of the county or any constable thereof, requiring him without delay to dispossess said person or persons from the premises so let, and authorizing him to use such force as may be necessary."

The respondent filed her written petition or application with the magistrate, alleging that the defendant was in possession of the land described therein, under a rental agreement with the plaintiff; that he failed and refused to pay the rent; and was a tenant holding over. Upon this written application, the magistrate issued his rule to show cause, directed to the defendant, merely reciting, "That application has been made to me for a rule against you to show cause why you should not be dispossessed of the premises owned by Lattie R. Sessions and described as follows" (then followed a description of the land). Neither the application nor the rule was personally served upon the appel-

lant. They were left at his home, however, with his wife. This, of course, did not constitute personal service, but an inspection of the record shows that the appellant submitted himself to the jurisdiction of the Court.

Upon examining the application and rule to show cause, we discover that neither one contains any allegation or statement showing that the respondent or her agent demanded possession of the premises from Johnson, the alleged tenant, and that he refused to surrender possession, or that he resisted the demand. In the absence of this allegation of demand and refusal, the magistrate was not authorized to issue the rule. This statutory requirement constitutes one of the foundation facts furnishing a ground for the ejectment remedy, and it is incumbent upon the plaintiff to specifically allege it, otherwise his cause of action is fatally defective. It is only in case of "demand" and "refusal" or "resistance" that it is made lawful for the person letting the premises to apply to the magistrate for the remedy provided by this section; and it is just as important to allege this as it is to allege the existence of the conventional relation of landlord and tenant. Until these prerequisites are shown, the magistrate has no authority to assume and exercise jurisdiction in such proceeding. *Stewart-Jones Co. v. Shehan,* 127 S. C., 451, 121 S. E., 374. When they have been complied with, it becomes his duty to issue the rule directed to the tenant to show cause why he should not be dispossessed. And such rule must show upon its face the allegations necessary to give the magistrate jurisdiction. *Goodgion v. Latimer,* 26 S. C., 208, 2 S. E., 1.

It is provided in Section 274, 1932 Code, that the following rules shall be observed in the Courts of magistrates: Rule (2) provides that the pleadings may be oral or in writing; if oral, the substance shall be entered by the magistrate in his docket; if in writing, they shall be filed by him, and a reference to them shall be made in the docket.

While pleadings in the Courts of magistrates are not required to be in any particular form, that does not mean that essential jurisdictional requirements may be ignored in summary proceedings under Section 8813.

The trial magistrate in his return to the Court of Common Pleas states that the plaintiff at the time the application for the rule was presented to him satisfied him that due demand had been made for the possession of the premises, and that the possession had been refused. If this statement may be considered as being supplemental to and in aid of the petition, it fails of that purpose. This supplemental statement was not in writing, and, not being in writing, the substance of it should have been entered in the magistrate's docket, as provided by rule (2). And the record does not disclose any such entry. The administration of the law would be in a state of great confusion and uncertainty, and the rights of litigants seriously affected in many instances, if a departure from this salutary rule were permitted.

While there is no specific requirement in the section of the law we are discussing, that the application be in writing, the legislative intent certainly contemplates that such pleading shall be either oral or in writing, because it is clearly so provided. In the case at bar, the plaintiff adopted the alternative provided in the statute, and reduced the petition to writing, and she is bound by it.

It is urged on behalf of the respondent that it is not necessary that the rule to show cause should contain the recital that demand has been made upon the defendant for possession, and that such demand has been refused or resisted. We cannot subscribe to this view. It was held in *Goodgion v. Latimer, supra,* that the summons or rule must show upon its face the allegations necessary to give the magistrate jurisdiction. Either the rule to show cause, served upon the defendant, should fully show the essential jurisdictional facts upon which it is based, as set

forth in the statute, or else proper reference should be made to the application annexed thereto, which should contain the necessary allegations conforming to the statutory requirements.

An examination of the testimony in the case shows that no demand, as required by the statute, was made upon the defendant for the possession of the premises in dispute.

While no exception has been made by the appellant with reference to this phase of the matter, we mention it because it is indicative of the oral statement said to have been made by the plaintiff to the magistrate at the time her application was presented to him. The most that the testimony shows is that an agent for the plaintiff went to see the defendant and advised him that she "demanded possession of land by January 1st, and George Johnson said all right." This demand, which was denied by the defendant, was made about 30 days prior to January 1st.

Section 8813 does not contemplate a demand for a deferred or future possession as a basis for the issuance by the magistrate of the rule to show cause. It requires a demand for immediate possession, or, as stated in *Biber v. Dillingham*, 111 S. C., 502, 98 S. E., 798, a "then possession." The law contemplates that the "refusal" or "resistance" shall be right then and there, at the time the demand for possession is made, in order to lay the foundation for the issuance of the peremptory writ. *American Oil Company v. Cox et al.*, 182 S. C., 419, 189 S. E., 660.

It follows that the defendant's demurrer should have been sustained. Both the application and the rule to show cause are defective.

It is the judgment of this Court that the judgment of the Circuit Court be reversed, and that the proceedings before the magistrate be vacated and dismissed.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BONHAM and BAKER concur.

Mr. Justice Carter did not participate on account of illness.