## ARIZONA v. CALIFORNIA ET AL.

No. 8, Orig. Decided June 3, 1963—Decree entered March 9, 1964—
Amended decree entered February 28, 1966—Argued October 10,
1978—Decided and supplemental decree entered
January 9, 1979

*Ralph E. Hunsaker* argued the cause for complainant.

*Douglas B. Noble,* Deputy Attorney General of California, argued the cause for defendant State of California et al. *Robert P. Will* argued the cause for defendant Metropolitan Water District of Southern California et al. ·

With Messrs. *Hunsaker, Noble,* and *Will* on the responses of the State of Arizona et al. to both motions to intervene were *Evelle J. Younger,* Attorney General of California, *Sanford N. Gruskin,* Chief Assistant Attorney General, *R. H. Connett* and *N. Gregory Taylor,* Assistant Attorneys General, *Edwin J. Dubiel, Emil Stipanovich, Jr.,* and *Anita E. Ruud,* Deputy Attorneys General, *Roy H. Mann, Maurice C. Sherrill, R. L. Knox, Jr., Burt Pines, Gilbert W. Lee, John W. Witt, C. M. Fitzpatrick, Joseph Kase, Jr., Robert List,* Attorney General of Nevada, *Lyle Rivera,* Chief Deputy Attorney General, *Brian McKay,* Deputy Attorney General, and *Thomas G. Nelson.*

With Mr. *Noble* on the response of the State of California et al. to the motion to intervene of the Colorado River Indian Tribes et al. were Messrs. *Younger, Gruskin, Connett, Taylor,*

Dubiel, Stipanovich, Ms. Ruud, Messrs. Sherrill, Knox, List, Rivera, McKay, and Nelson.

With Mr. Will on the response of the Metropolitan Water District of Southern California et al. to the motion to intervene of the Colorado River Indian Tribes et al. were Messrs. Pines, Lee, Witt, Fitzpatrick, and Kase.

Raymond C. Simpson argued the cause and filed briefs for the Fort Mojave Indian Tribe et al.

Lawrence D. Aschenbrenner argued the cause for the Cocopah Indian Tribe.

Terry Noble Fiske argued the cause for the Colorado River Indian Tribes.

Louis F. Claiborne argued the cause for the United States. On the memorandums for the United States were Solicitor General McCree, Assistant Attorney General Moorman, and Myles E. Flint.*

PER CURIAM AND SUPPLEMENTAL DECREE.

The United States of America, Intervenor, State of Arizona, Complainant, the California Defendants (State of California, Palo Verde Irrigation District, Imperial Irrigation District, Coachella Valley County Water District, The Metropolitan Water District of Southern California, City of Los Angeles, City of San Diego, County of San Diego), and State of Nevada, Intervenor, pursuant to Art. VI of the Decree entered in the case on March 9, 1964, at 376 U. S. 340, and amended on February 28, 1966, at 383 U. S. 268, have agreed to the present perfected rights to the use of mainstream water in each State and their priority dates as set forth herein. Therefore, it is hereby ORDERED, ADJUDGED, AND DECREED that the joint motion of the United States, the State of Arizona, the California Defendants, and the State of Nevada to enter a supplemental decree is granted and that said present

---

*Donald D. Stark filed a brief as amicus curiae.

perfected rights in each State and their priority dates are determined to be as set forth below, subject to the following:

(1) The following listed present perfected rights relate to the quantity of water which may be used by each claimant and the list is not intended to limit or redefine the type of use otherwise set forth in said Decree.

(2) This determination shall in no way affect future adjustments resulting from determinations relating to settlement of Indian reservation boundaries referred to in Art. II (D)(5) of said Decree.

(3) Article IX of said Decree is not affected by this list of present perfected rights.

(4) Any water right listed herein may be exercised only for beneficial uses.

(5) In the event of a determination of insufficient mainstream water to satisfy present perfected rights pursuant to Art. II (B)(3) of said Decree, the Secretary of the Interior shall, before providing for the satisfaction of any of the other present perfected rights except for those listed herein as "MISCELLANEOUS PRESENT PERFECTED RIGHTS" (rights numbered 7–21 and 29–80 below) in the order of their priority dates without regard to State lines, first provide for the satisfaction in full of all rights of the Chemehuevi Indian Reservation, Cocopah Indian Reservation, Fort Yuma Indian Reservation, Colorado River Indian Reservation, and the Fort Mojave Indian Reservation as set forth in Art. II (D)(1)–(5) of said Decree, provided that the quantities fixed in paragraphs (1) through (5) of Art. II (D) of said Decree shall continue to be subject to appropriate adjustment by agreement or decree of this Court in the event that the boundaries of the respective reservations are finally determined. Additional present perfected rights so adjudicated by such adjustment shall be in annual quantities not to exceed the quantities of mainstream water necessary to

supply the consumptive use required for irrigation of the practicably irrigable acres which are included within any area determined to be within a reservation by such final determination of a boundary and for the satisfaction of related uses. The quantities of diversions are to be computed by determining net practicably irrigable acres within each additional area using the methods set forth by the Special Master in this case in his Report to this Court dated December 5, 1960, and by applying the unit diversion quantities thereto, as listed below:

| Indian Reservation | Unit Diversion Quantity Acre-Feet Per Irrigable Acre |
|---|---|
| Cocopah | 6.37 |
| Colorado River | 6.67 |
| Chemehuevi | 5.97 |
| Ft. Mojave | 6.46 |
| Ft. Yuma | 6.67 |

The foregoing reference to a quantity of water necessary to supply consumptive use required for irrigation, and as that provision is included within paragraphs (1) through (5) of Art. II (D) of said Decree, shall constitute the means of determining quantity of adjudicated water rights but shall not constitute a restriction of the usage of them to irrigation or other agricultural application. If all or part of the adjudicated water rights of any of the five Indian Reservations is used other than for irrigation or other agricultural application, the total consumptive use, as that term is defined in Art. I (A) of said Decree, for said Reservation shall not exceed the consumptive use that would have resulted if the diversions listed in subparagraph (i) of paragraphs (1) through (5) of Art. II (D) of said Decree and the equivalent portions of any supplement thereto had been used for irrigation of the number of acres specified for that Reservation in said paragraphs and supplement and

for the satisfaction of related uses. Effect shall be given to this paragraph notwithstanding the priority dates of the present perfected rights as listed below. However, nothing in this paragraph (5) shall affect the order in which such rights listed below as "MISCELLANEOUS PRESENT PERFECTED RIGHTS" (numbered 7–21 and 29–80 below) shall be satisfied. Furthermore, nothing in this paragraph shall be construed to determine the order of satisfying any other Indian water rights claims not herein specified.

## I

## ARIZONA

### A. Federal Establishments' Present Perfected Rights

The federal establishments named in Art. II, subdivision (D), paragraphs (2), (4), and (5) of the Decree entered March 9, 1964, in this case, such rights having been decreed in Art. II:

| Defined Area of Land | Annual Diversions (acre-feet) [1] | Net Acres [1] | Priority Date |
|---|---|---|---|
| 1) Cocopah Indian Reservation | 2,744 | 431 | Sept. 27, 1917 |
| 2) Colorado River Indian Reservation | 358,400 | 53,768 | Mar. 3, 1865 |
| | 252,016 | 37,808 | Nov. 22, 1873 |
| | 51,986 | 7,799 | Nov. 16, 1874 |
| 3) Fort Mojave Indian Reservation | 27,969 | 4,327 | Sept. 18, 1890 |
| | 68,447 | 10,589 | Feb. 2, 1911 |

### B. Water Projects' Present Perfected Rights

(4) *The Valley Division, Yuma Project* in annual quantities not to exceed (i) 254,200 acre-feet of diversions from the mainstream or (ii) the quantity of mainstream water necessary to supply the consumptive use required for irrigation of

---

[1] The quantity of water in each instance is measured by (i) diversions or (ii) consumptive use required for irrigation of the respective acreage and for the satisfaction of related uses, whichever of (i) or (ii) is less.

43,562 acres and for the satisfaction of related uses, whichever of (i) or (ii) is less, with a priority date of 1901.

(5) *The Yuma Auxiliary Project, Unit B* in annual quantities not to exceed (i) 6,800 acre-feet of diversions from the mainstream or (ii) the quantity of mainstream water necessary to supply the consumptive use required for irrigation of 1,225 acres and for the satisfaction of related uses, whichever of (i) or (ii) is less, with a priority date of July 8, 1905.

(6) *The North Gila Valley Unit, Yuma Mesa Division, Gila Project* in annual quantities not to exceed (i) 24,500 acre-feet of diversions from the mainstream or (ii) the quantity of mainstream water necessary to supply the consumptive use required for irrigation of 4,030 acres and for the satisfaction of related uses, whichever of (i) or (ii) is less, with a priority date of July 8, 1905.

## C. Miscellaneous Present Perfected Rights

1. The following miscellaneous present perfected rights in Arizona in annual quantities of water not to exceed the listed acre-feet of diversion from the mainstream to supply the consumptive use required for irrigation and the satisfaction of related uses within the boundaries of the land described and with the priority dates listed:

| Defined Area of Land | Annual Diversions (acre-feet) | Priority Date |
|---|---|---|
| 7) | | |
| 160 acres in Lots 21, 24, and 25, Sec. 29 and Lots 15, 16, 17 and 18, and the SW¼ of the SE¼, Sec. 30, T.16S., R.22E., San Bernardino Base and Meridian, Yuma County, Arizona. (Powers) [2] | 960 | 1915 |
| 8) | | |
| Lots 11, 12, 13, 19, 20, 22 and S½ of SW¼, Sec. 30, T.16S., R.22E., San Bernardino Base and Meridian, Yuma County, Arizona. (United States) [3] | 1,140 | 1915 |

Footnotes to table items 7 through 25 are on p. 428.

| Defined Area of Land | Annual Diversions (acre-feet) | Priority Date |
|---|---|---|
| **9)** 60 acres within Lot 2, Sec. 15 and Lots 1 and 2, Sec. 22, T.10N., R.19W, G&SRBM. (Graham) [2] | 360 | 1910 |
| **10)** 180 acres within the N½ of the S½ and the S½ of the N½ of Sec. 13 and the SW¼ of the NE¼ of Sec. 14, T.18N., R.22W., G&SRBM. (Hulet) [2] | 1,080 | 1902 |
| **11)** 45 acres within the NE¼ of the SW¼, the SW¼ of the SW¼ and the SE¼ of the SW¼ of Sec. 11, T.18N., R.22W., G&SRBM. 80 acres within the N½ of the SW¼ of Sec. 11, T.18N., R.22W., G&SRBM. 10 acres within the NW¼ of the NE¼ of the NE¼ of Sec. 15, T.18N., R.22W., G&SRBM. 40 acres within the SE¼ of the SE¼ of Sec. 15, T.18N., R.22W., G&SRBM. (Hurschler) [2] | 1,050 | 1902 |
| **12)** 40 acres within Sec. 13, T.17N., R.22W., G&SRBM. (Miller) [2] | 240 | 1902 |
| **13)** 120 acres within Sec. 27, T.18N., R.21W., G&SRBM. 15 acres within the NW¼ of the NW¼, Sec. 23, T.18N., R.22W., G&SRBM. (McKellips and Granite Reef Farms) [4] | 810 | 1902 |
| **14)** 180 acres within the NW¼ of the NE¼, the SW¼ of the NE¼, the NE¼ of the SW¼, the NW¼ of the SE¼, the NE¼ of the SE¼, and the SW¼ of the SE¼, and the SE¼ of the SE¼, Sec. 31, T.18N., R.21W., G&SRBM. (Sherrill & Lafollette) [4] | 1,080 | 1902 |

426

| Defined Area of Land | Annual Diversions (acre-feet) | Priority Date |
|---|---|---|
| 15) | | |
| 53.89 acres as follows: | 318 | 1928 |

Beginning at a point 995.1 feet easterly of the NW corner of the NE¼ of Sec. 10, T.8S., R.22W., Gila and Salt River Base and Meridian; on the northerly boundary of the said NE¼, which is the true point of beginning, then in a southerly direction to a point on the southerly boundary of the said NE¼ which is 991.2 feet E. of the SW corner of said NE¼ thence easterly along the S. line of the NE¼, a distance of 807.3 feet to a point, thence N. 0°7′ W., 768.8 feet to a point, thence E. 124.0 feet to a point, thence northerly 0°14′ W., 1,067.6 feet to a point, thence E. 130 feet to a point, thence northerly 0°20′ W., 405.2 feet to a point, thence northerly 63°10′ W., 506.0 feet to a point, thence northerly 90°15′ W., 562.9 feet to a point on the northerly boundary of the said NE¼, thence easterly along the said northerly boundary of the said NE¼, 116.6 feet to the true point of the beginning containing 53.89 acres. All as more particularly described and set forth in that survey executed by Thomas A. Yowell, Land Surveyor on June 24, 1969. (Molina) [4]

| 16) | | |
|---|---|---|
| 60 acres within the NW¼ of the NW¼ and the north half of the SW¼ of the NW¼ of Sec. 14, T.8S., R.22W., G&SRBM. 70 acres within the S½ of the SW¼ of the SW¼, and the W½ of the SW¼, Sec. 14, T.8S., R.22W., G&SRBM. (Sturges) [4] | 780 | 1925 |

| 17) | | |
|---|---|---|
| 120 acres within the N½ NE¼, NE¼ NW¼, Section 23, T.18N., R.22W., G&SRBM. (Zozaya) [4] | 720 | 1912 |

| Defined Area of Land | Annual Diversions (acre-feet) | Priority Date |
|---|---|---|
| 18) | | |
| 40 acres in the W½ of the NE¼ of Section 30, and 60 acres in the W½ of the SE¼ of Section 30, and 60 acres in the E½ of the NW¼ of Section 31, comprising a total of 160 acres all in Township 18 North, Range 21 West of the G&SRBM. (Swan) [4] | 960 | 1902 |
| 19) | | |
| 7 acres in the East 300 feet of the W½ of Lot 1 (Lot 1, being the SE¼ SE¼, 40 acres more or less), Section 28, Township 16 South, Range 22 East, San Bernardino Meridian, lying North of U. S. Bureau of Reclamation levee right of way. EXCEPT that portion conveyed to the United States of America by instrument recorded in Docket 417, page 150 EXCEPTING any portion of the East 300 feet of W½ of Lot 1 within the natural bed of the Colorado River below the line of ordinary high water and also EXCEPTING any artificial accretions waterward of said line of ordinary high water, all of which comprises approximately seven (7) acres. (Milton and Jean Phillips) [4] | 42 | 1900 |

2. The following miscellaneous present perfected rights in Arizona in annual quantities of water not to exceed the listed number of acre-feet of (i) diversions from the mainstream or (ii) the quantity of mainstream water necessary to supply the consumptive use, whichever of (i) or (ii) is less, for domestic, municipal, and industrial purposes within the boundaries of the land described and with the priority dates listed:

| Defined Area of Land | Annual Diversions (acre-feet) | Annual Consumptive Use (acre-feet) | Priority Date |
|---|---|---|---|
| 20) City of Parker [2] | 630 | 400 | 1905 |
| 21) City of Yuma [2] | 2,333 | 1,478 | 1893 |

## II

## CALIFORNIA

### A. Federal Establishments' Present Perfected Rights

The federal establishments named in Art. II, subdivision (D), paragraphs (1), (3), (4), and (5) of the Decree entered March 9, 1964, in this case such rights having been decreed by Art. II:

| Defined Area of Land | Annual Diversions (acre-feet) [5] | Net Acres [5] | Priority Date |
|---|---|---|---|
| 22) | | | |
| Chemehuevi Indian Reservation | 11,340 | 1,900 | Feb. 2, 1907 |
| 23) | | | |
| Yuma Indian Reservation | 51,616 | 7,743 | Jan. 9, 1884 |
| 24) | | | |
| Colorado River Indian Reservation | 10,745 | 1,612 | Nov. 22, 1873 |
| | 40,241 | 6,037 | Nov. 16, 1874 |
| | 3,760 | 564 | May 15, 1876 |
| 25) | | | |
| Fort Mojave Indian Reservation | 13,698 | 2,119 | Sept. 18, 1890 |

### B. Water Districts' and Projects' Present Perfected Rights

26) *The Palo Verde Irrigation District* in annual quantities not to exceed (i) 219,780 acre-feet of diversions from the

[2] The names in parentheses following the description of the "Defined Area of Land" are used for identification of present perfected rights only; the name used is the first name appearing as the Claimants identified with a parcel in Arizona's 1967 list submitted to this Court.

[3] Included as a part of the Powers' claim in Arizona's 1967 list submitted to this Court. Subsequently, the United States and Powers agreed to a Stipulation of Settlement on land ownership whereby title to this property was quieted in favor of the United States.

[4] The names in parentheses following the description of the "Defined Area of Land" are the names of claimants, added since the 1967 list, upon whose water use these present perfected rights are predicated.

[5] The quantity of water in each instance is measured by (i) diversions or (ii) consumptive use required for irrigation of the respective acreage and for satisfaction of related uses, whichever of (i) or (ii) is less.

mainstream or (ii) the quantity of mainstream water necessary to supply the consumptive use required for irrigation of 33,604 acres and for the satisfaction of related uses, whichever of (i) or (ii) is less, with a priority date of 1877.

27)

*The Imperial Irrigation District* in annual quantities not to exceed (i) 2,600,000 acre-feet of diversions from the mainstream or (ii) the quantity of mainstream water necessary to supply the consumptive use required for irrigation of 424,145 acres and for the satisfaction of related uses, whichever of (i) or (ii) is less, with a priority date of 1901.

28)

*The Reservation Division, Yuma Project, California* (non-Indian portion) in annual quantities not to exceed (i) 38,270 acre-feet of diversions from the mainstream or (ii) the quantity of mainstream water necessary to supply the consumptive use required for irrigation of 6,294 acres and for the satisfaction of related uses, whichever of (i) or (ii) is less, with a priority date of July 8, 1905.

## C. Miscellaneous Present Perfected Rights

1. The following miscellaneous present perfected rights in California in annual quantities of water not to exceed the listed number of acre-feet of diversions from the mainstream to supply the consumptive use required for irrigation and the satisfaction of related uses within the boundaries of the land described and with the priority dates listed:

| Defined Area of Land | Annual Diversions (acre-feet) | Priority Date |
|---|---|---|
| 29) | | |
| 130 acres within Lots 1, 2, and 3, SE¼ of NE¼ of Section 27, T.16S., R.22E., S.B.B. & M. (Wavers) [6] | 780 | 1856 |

Footnotes to table items 29 through 80 are on p. 435.

| Defined Area of Land | Annual Diversions (acre-feet) | Priority Date |
|---|---|---|
| 30) 40 acres within W½, W½ of E½ of Section 1, T.9N., R.22E., S.B.B. & M. (Stephenson) [6] | 240 | 1923 |
| 31) 20 acres within Lots 1 and 2, Sec. 19, T.13S., R.23E., and Lots 2, 3, and 4 of Sec. 24, T.13S., R.22E., S.B.B. & M. (Mendivil) [6] | 120 | 1893 |
| 32) 30 acres within NW¼ of SE¼, S½ of SE¼, Sec. 24, and NW¼ of NE¼, Sec. 25, all in T.9S., R.21E., S.B.B. & M. (Grannis) [6] | 180 | 1928 |
| 33) 25 acres within Lot 6, Sec. 5; and Lots 1 and 2, SW¼ of NE¼, and NE¼ of SE¼ of Sec. 8, and Lots 1 & 2 of Sec. 9, all in T.13S., R.22E., S.B.B. & M. (Morgan) [6] | 150 | 1913 |
| 34) 18 acres within E½ of NW¼ and W½ of NE¼ of Sec. 14, T.10S., R.21E., S.B.B. & M. (Milpitas) [6] | 108 | 1918 |
| 35) 10 acres within N½ of NE¼, SE¼ of NE¼, and NE¼ of SE¼, Sec. 30, T.9N., R.23E., S.B.B. & M. (Simons) [6] | 60 | 1889 |
| 36) 16 acres within E½ of NW¼ and N½ of SW¼, Sec. 12, T.9N., R.22E., S.B.B. & M. (Colo. R. Sportsmen's League) [6] | 96 | 1921 |
| 37) 11.5 acres within E½ of NW¼, Sec. 1, T.10S., R.21E., S.B.B. & M. (Milpitas) [6] | 69 | 1914 |
| 38) 11 acres within S½ of SW¼, Sec. 12, T.9N., R.22E., S.B.B. & M. (Andrade) [6] | 66 | 1921 |
| 39) 6 acres within Lots 2, 3, and 7 and NE¼ of SW¼, Sec. 19, T.9N., R.23E., S.B.B. & M. (Reynolds) [6] | 36 | 1904 |

| Defined Area of Land | Annual Diversions (acre-feet) | Priority Date |
|---|---|---|
| 40) 10 acres within N½ of NE¼, SE¼ of NE¼ and NE¼ of SE¼, Sec. 24, T.9N., R.22E., S.B.B. & M. (Cooper) [6] | 60 | 1905 |
| 41) 20 acres within SW¼ of SW¼ (Lot 8), Sec. 19, T.9N., R.23E., S.B.B. & M. (Chagnon) [7] | 120 | 1925 |
| 42) 20 acres within NE¼ of SW¼, N½ of SE¼, SE¼ of SE¼, Sec. 14, T.9S., R.21E., S.B.B. & M. (Lawrence) [7] | 120 | 1915 |

2. The following miscellaneous present perfected rights in California in annual quantities of water not to exceed the listed number of acre-feet of (i) diversions from the main-stream or (ii) the quantity of mainstream water necessary to supply the consumptive use, whichever of (i) or (ii) is less, for domestic, municipal, and industrial purposes within the boundaries of the land described and with the priority dates listed:

| Defined Area of Land | Annual Diversions (acre-feet) | Annual Consumptive Use (acre-feet) | Priority Date |
|---|---|---|---|
| 43) City of Needles [6] | 1,500 | 950 | 1885 |
| 44) Portions of: Secs. 5, 6, 7 & 8, T.7N., R.24E.; Sec. 1, T.7N., R.23E.; Secs. 4, 5, 9, 10, 15, 22, 23, 25, 26, 35, & 36, T.8N., R.23E.; Secs. 19, 29, 30, 32 & 33, T.9N., R.23E., S.B.B. & M. (Atchison, Topeka and Santa Fe Railway Co.) [6] | 1,260 | 273 | 1896 |
| 45) Lots 1, 2, 3, 4, 5, & SW¼ NW¼ of Sec. 5, T.13S., R.22E., S.B.B. & M. (Conger) [7] | 1.0 | 0.6 | 1921 |

| Defined Area of Land | Annual Diversions (acre-feet) | Annual Consumptive Use (acre-feet) | Priority Date |
|---|---|---|---|
| 46) Lots 1, 2, 3, 4 of Sec. 32, T.11S., R.22E., S.B.B. & M. (G. Draper) [7] | 1.0 | 0.6 | 1923 |
| 47) Lots 1, 2, 3, 4, and SE¼ SW¼ of Sec. 20, T.11S., R.22E., S.B.B. & M. (McDonough) [7] | 1.0 | 0.6 | 1919 |
| 48) SW¼ of Sec. 25, T.8S., R.22E., S.B.B. & M. (Faubion) [7] | 1.0 | 0.6 | 1925 |
| 49) W½ NW¼ of Sec. 12, T.9N., R.22E., S.B.B. & M. (Dudley) [7] | 1.0 | 0.6 | 1922 |
| 50) N½ SE¼ and Lots 1 and 2 of Sec. 13, T.8S., R.22E., S.B.B. & M. (Douglas) [7] | 1.0 | 0.6 | 1916 |
| 51) N½ SW¼, NW¼ SE¼, Lots 6 and 7, Sec. 5, T.9S., R.22E., S.B.B. & M. (Beauchamp) [7] | 1.0 | 0.6 | 1924 |
| 52) NE¼ SE¼, SE¼ NE¼, and Lot 1, Sec. 26, T.8S., R.22E., S.B.B. & M. (Clark) [7] | 1.0 | 0.6 | 1916 |
| 53) N½ SW¼, NW¼ SE¼, SW¼ NE¼, Sec. 13, T.9S., R.21E., S.B.B. & M. (Lawrence) [7] | 1.0 | 0.6 | 1915 |
| 54) N½ NE¼, E½ NW¼, Sec. 13, T.9S., R.21E., S.B.B. & M. (J. Graham) [7] | 1.0 | 0.6 | 1914 |
| 55) SE¼, Sec. 1, T.9S., R.21E., S.B.B. & M. (Geiger) [7] | 1.0 | 0.6 | 1910 |

| Defined Area of Land | Annual Diversions (acre-feet) | Annual Consumptive Use (acre-feet) | Priority Date |
|---|---|---|---|
| 56) Fractional W½ of SW¼ (Lot 6) Sec. 6, T.9S., R.22E., S.B.B. & M. (Schneider) [7] | 1.0 | 0.6 | 1917 |
| 57) Lot 1, Sec. 15; Lots 1 & 2, Sec. 14; Lots 1 & 2, Sec. 23; all in T.13S., R.22E., S.B.B. & M. (Martinez) [7] | 1.0 | 0.6 | 1895 |
| 58) NE¼, Sec. 22, T.9S., R.21E., S.B.B. & M. (Earle) [7] | 1.0 | 0.6 | 1925 |
| 59) NE¼ SE¼, Sec. 22, T.9S., R.21E., S.B.B. & M. (Diehl) [7] | 1.0 | 0.6 | 1928 |
| 60) N½ NW¼, N½ NE¼, Sec. 23, T.9S., R.21E., S.B.B. & M. (Reid) [7] | 1.0 | 0.6 | 1912 |
| 61) W½ SW¼, Sec. 23, T.9S., R.21E., S.B.B. & M. (Graham) [7] | 1.0 | 0.6 | 1916 |
| 62) S½ NW¼, NE¼ SW¼, SW¼ NE¼, Sec. 23, T.9S., R.21E., S.B.B. & M. (Cate) [7] | 1.0 | 0.6 | 1919 |
| 63) SE¼ NE¼, N½ SE¼, SE¼ SE¼, Sec. 23, T.9S., R.21E., S.B.B. & M. (McGee) [7] | 1.0 | 0.6 | 1924 |
| 64) SW¼ SE¼, SE¼ SW¼, Sec. 23, NE¼ NW¼, NW¼ NE¼, Sec. 26; all in T.9S., R.21E., S.B.B. & M. (Stallard) [7] | 1.0 | 0.6 | 1924 |
| 65) W½ SE¼, SE¼ SE¼, Sec. 26, T.9S., R.21E., S.B.B. & M. (Randolph) [7] | 1.0 | 0.6 | 1926 |

| Defined Area of Land | Annual Diversions (acre-feet) | Annual Consumptive Use (acre-feet) | Priority Date |
|---|---|---|---|
| 66) E½ NE¼, SW¼ NE¼, SE¼ NW¼, Sec. 26, T.9S., R.21E., S.B.B. & M. (Stallard) [7] | 1.0 | 0.6 | 1928 |
| 67) S½ SW¼, Sec. 13, N½ NW¼, Sec. 24; all in T.9S., R.21E., S.B.B. & M. (Keefe) [7] | 1.0 | 0.6 | 1926 |
| 68) SE¼ NW¼, NW¼ SE¼, Lots 2, 3 & 4, Sec. 25, T.13S., R.23E., S.B.B. & M. (C. Ferguson) [7] | 1.0 | 0.6 | 1903 |
| 69) Lots 4 & 7, Sec. 6; Lots 1 & 2, Sec. 7; all in T.14S., R.24E., S.B.B. & M. (W. Ferguson) [7] | 1.0 | 0.6 | 1903 |
| 70) SW¼ SE¼, Lots 2, 3, and 4, Sec. 24, T.12S., R.21E., Lot 2, Sec. 19, T.12S., R.22E., S.B.B. & M. (Vaulin) [7] | 1.0 | 0.6 | 1920 |
| 71) Lots 1, 2, 3 and 4, Sec. 25, T.12S., R.21E., S.B.B. & M. (Salisbury) [7] | 1.0 | 0.6 | 1920 |
| 72) Lots 2, 3, SE¼ SE¼, Sec. 15, NE¼ NE¼, Sec. 22; all in T.13S., R.22E., S.B.B. & M. (Hadlock) [7] | 1.0 | 0.6 | 1924 |
| 73) SW¼ NE¼, SE¼ NW¼, and Lots 7 & 8, Sec. 6, T.9S., R.22E., S.B.B. & M. (Streeter) [7] | 1.0 | 0.6 | 1903 |
| 74) Lot 4, Sec. 5; Lots 1 & 2, Sec. 7; Lots 1 & 2, Sec. 8; Lot 1, Sec. 18; all in T.12S., R.22E., S.B.B. & M. (J. Draper) [7] | 1.0 | 0.6 | 1903 |

| Defined Area of Land | Annual Diversions (acre-feet) | Annual Consumptive Use (acre-feet) | Priority Date |
|---|---|---|---|
| 75) SW¼ NW¼, Sec. 5; SE¼ NE¼ and Lot 9, Sec. 6; all in T.9S., R.22E., S.B.B. & M. (Fitz) ⁷ | 1.0 | 0.6 | 1912 |
| 76) NW¼ NE¼, Sec. 26; Lots 2 & 3, W½ SE¼, Sec. 23; all in T.8S., R.22E., S.B.B. & M. (Williams) ⁷ | 1.0 | 0.6 | 1909 |
| 77) Lots 1, 2, 3, 4, & 5, Sec. 25, T.8S., R.22E., S.B.B. & M. (Estrada) ⁷ | 1.0 | 0.6 | 1928 |
| 78) S½ NW¼, Lot 1, frac. NE¼ SW¼, Sec. 25, T.9S., R.21E., S.B.B. & M. (Whittle) ⁷ | 1.0 | 0.6 | 1925 |
| 79) N½ NW¼, Sec. 25; S½ SW¼, Sec. 24; all in T.9S., R.21E., S.B.B. & M. (Corington) ⁷ | 1.0 | 0.6 | 1928 |
| 80) S½ NW¼, N½ SW¼, Sec. 24, T.9S., R.21E., S.B.B. & M. (Tolliver) ⁷ | 1.0 | 0.6 | 1928 |

## III

## NEVADA

### A. Federal Establishments' Present Perfected Rights

The federal establishments named in Art. II, subdivision (D), paragraphs (5) and (6) of the Decree entered on

---

⁶ The names in parentheses following the description of the "Defined Area of Land" are used for identification of present perfected rights only; the name used is the first name appearing as the claimant identified with a parcel in California's 1967 list submitted to this Court.

⁷ The names in parentheses following the description of the "Defined Area of Land" are the names of the homesteaders upon whose water use these present perfected rights, added since the 1967 list submitted to this Court, are predicated.

436

March 9, 1964, in this case, such rights having been decreed by Art. II:

| Defined Area of Land | Annual Diversions (acre-feet) | Net Acres | Priority Date |
|---|---|---|---|
| 81) Fort Mojave Indian Reservation | 12,534 [8] | 1,939 [8] | Sept. 18, 1890 |
| 82) Lake Mead National Recreation Area (The Overton Area of Lake Mead N.R.A. provided in Executive Order 5105) | 500 | 300 [9] | May 3, 1929 [10] |

It is ordered that Judge Elbert P. Tuttle be appointed Special Master in this case with authority to fix the time and conditions for the filing of additional pleadings and to direct subsequent proceedings, and with authority to summon witnesses, issue subpoenas, and take such evidence as may be introduced and such as he may deem necessary to call for. The Master is directed to submit such reports as he may deem appropriate.

The Master shall be allowed his actual expenses. The allowances to him, the compensation paid to his technical, stenographic, and clerical assistants, the cost of printing his report, and all other proper expenses shall be charged against and borne by the parties in such proportion as the Court may hereafter direct.

It is further ordered that if the position of Special Master in this case becomes vacant during a recess of the Court, THE

[8] The quantity of water in each instance is measured by (i) diversions or (ii) consumptive use required for irrigation of the respective acreage and for satisfaction of related uses, whichever of (i) or (ii) is less.

[9] Refers to acre-feet of annual consumptive use, not to net acres.

[10] Article II (D) (6) of said Decree specifies a priority date of March 3, 1929. Executive Order 5105 is dated May 3, 1929 (see C. F. R. 1964 Cumulative Pocket Supplement, p. 276, and the Findings of Fact and Conclusions of Law of the Special Master's Report in this case, pp. 294–295).

CHIEF JUSTICE shall have authority to make a new designation which shall have the same effect as if originally made by the Court.

It is further ordered that the motion of Fort Mojave Indian Tribe et al. for leave to intervene, insofar as it seeks intervention to oppose entry of the supplemental decree, is denied. In all other respects, this motion and the motion of Colorado River Indian Tribes et al. for leave to intervene are referred to the Special Master.

MR. JUSTICE MARSHALL took no part in the consideration or decision of this case.