CRAIG *et al.*, executors, *vs.* AMBROSE.

Where a particular estate is created with a limitation over to heirs, heirs of the body, lineal heirs, lawful heirs, issue, or words of similar import, they will be held to mean children, and under such words, children and the descendants of children, by representation, in being at the time of the vesting of the estate shall take; but where a devise is made to one and her bodily heirs, this, under the rule in Shelley's case, would create an estate in perpetuity, and under the code of this State, would convey a fee simple to the devisee named.

(a) Under the third item of the testator's will in this case, his daughter and son took the estate, subject to the right of his widow to a life estate in an undivided third of it, or an estate until she married, or while she lived on it. If she should marry or remove from the place, then the land would vest absolutely in the two children of the testator in fee, each taking a like estate. The daughter having married and died after the death of the testator, leaving no children, and having made no will or disposition of the property, her husband inherited from her as sole heir.

November 25, 1887.

Wills.   Estates.   Rule in Shelley's case.   Construction. Words and phrases.   Before Judge HUTCHINS.   Gwinnett superior court.   March term, 1887.

Reported in the decision.

T. M. PEEPLES and HARRISON & PEEPLES, for plaintiffs.

W. E. SIMMONS and S. J. WINN & SON, for defendant.

BLANDFORD, Justice.

George W. Craig died in April, 1885, leaving a last will and testament, the third item of which is as follows:

"Item 3. I give, bequeath and devise unto my daughter, Sarah E. Craig, and her bodily heirs, and to my son, Samuel Craig, (my two minor children) the following described real estate (describing). I desire and direct that said lands so bequeathed be kept together undivided until my said daughter and son become of age, and that my wife, Isolinda Craig, have a joint and equal interest therein with them during her life only, or only during her widowhood if she should again marry. I desire and request that she and my said

daughter and son shall live together at my present home place (if she remains single), that she and they may mutually assist and protect each other in such a way as will be advantageous to each. But if my wife should again marry, she thereby forfeits and relinquishes all interest or right whatever in and to said lands and the whole of the same shall thereupon vest absolutely in my said daughter and her issue, should she have any, and my son Samuel,—one-half thereof in my daughter and her issue that she has at the time of my death, or may hereafter have, and the other half in my said son. If my wife for any reason should remove from my home place, she thereby forfeits all interest in said lands, and the same shall in such event vest wholly in my said son and daughter, in the manner as above directed. If my said wife should forfeit her interest in said lands by removing from my said home place, and should move elsewhere, I do not desire that for such cause she should lose all interest in my estate, as she has been exceedingly kind, affectionate and attentive to me; and I therefore direct, in such event, that she be paid by my executors from that part of my estate not herein specially bequeathed, the sum of twenty-five hundred dollars, the same to be in full of all interest in my estate; at the death of my said wife, all of said described lands shall thereupon vest in my said daughter and son Samuel, as hereinbefore directed. I further desire and direct that, so long only as my said wife remains unmarried and continues to live with my said daughter and son on said lands, she shall have the management and control of the premises and the use of the proceeds thereof, for the joint support and maintenance of my said daughter and son, and for their education, etc., and if she should ascertain, at the end of each year, that there is an excess of said proceeds over and above what is necessary to meet such expenses, then I direct that she turn one-third of such excess over to the guardian of my said daughter, if she be a minor and single; if neither, then to my said daughter herself, and the third over to the guardian of my said son, if he then be a minor or single, and if married or of age, to him individually;—in other words, I direct that my said daughter and son take charge of their respective portions of such excess as they become of age or marry, and that then they and my said wife make such arrangements as are right and proper and to the best interest of each of them, as to the control, management and cultivation of said lands and the disposition of the proceeds thereof."

Sarah E. Craig intermarried with Thomas L. Ambrose in January, 1885, and died in November, 1885, after the death of the testator. The widow of the testator removed from the place named in the will, thereby electing to take twenty-five hundred dollars out of the estate instead of

any interest in these lands; and the question here made is, what interest did the daughter take in these lands?

The devise is to the daughter of the testator and her bodily heirs. It is insisted here that these words, "bodily heirs," are words of purchase and not words of limitation. We think otherwise. We think a devise or grant to one and his heirs, to his issue, or to his bodily heirs, conveys the fee to him. Under the rule in Shelley's case, this, according to the laws of England, would create an estate in perpetuity; and our code says no such thing shall happen in this State. Section 2248 of the code provides, that " the word ' heirs,' " or its equivalent, is not necessary to create an absolute estate; but every conveyance, properly executed, shall be construed to convey the fee, unless a less estate is mentioned and limited in such conveyance. If a less estate is expressly limited, the courts shall not, by construction, increase such estate into a fee, but disregarding all technical rules, shall give effect to the intention of the maker of the instrument, as far as the same is lawful, if the same can be gathered from its contents; and if not, in such case the court may hear parol evidence to prove the intention."

The next section of the code (§2249) is the one mainly relied upon by the plaintiffs in error : " Limitations over to ' heirs,' ' heirs of the body,' ' lineal heirs,' ' lawful heirs,' 'issue,' or words of similar import, shall be held to mean 'children,' whether the parents be alive or dead; and under such words, children, and the descendants of deceased children, by representation, in being at the time of the vesting of the estate, shall take." It will be noticed that the language of this section of the code is "limitations over to ' heirs,' " etc. We think the meaning of that is very clear; and that it means that, where some particular estate is created, such as a life estate, or an estate for years, and there is a limitation over to heirs, heirs of the body, lineal heirs, or words of similar import, the court shall hold it to mean children. But in this case there is

no limitation over. It conveys to Sarah E. Craig and her "bodily heirs"; and if it said her "children," it would mean the same thing. So we think that she took an absolute fee in this property at the death of the testator. She and the son of the testator took this estate, in our opinion, subject to the right of this widow to a life estate in an undivided third of it, or an estate until she married, or while she lived on it. If she should marry or remove from this place, then the land would vest absolutely, the whole of it and the use, the fee, in the two children of the testator. We think that Sarah E. Craig got as large an estate in this land as Samuel; and there is no contention here that Samuel did not get a fee to an undivided half interest, and the words "heirs of her body" do not lessen that estate. This will should be construed to convey an absolute estate to her. Having married Ambrose, and died after the death of the testator, leaving no children, and having made no will or disposition of this property, we think that Ambrose, the husband, being her only heir, inherited from her, she taking by this devise under her father's will. "Estates tail are prohibited and abolished in this State. Gifts or grants to one and the heirs of his body, or his heirs male or heirs female, or his heirs by a particular person, or his children, or his issue, convey an absolute fee." Code, §2250. Taking these sections of the code (§§2248, 2249 and 2250), and construing them together, there can be no doubt about what they mean. We think that the court below was right in his rulings in this case, and the judgment is affirmed.