No. 87-90

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

---

TIMBERLAND RESOURCES, INC.,
a Washington corporation,

        Plaintiff and Appellant,

  -vs-

DIXIE A. VAUGHT, Clerk and Recorder
of Sanders County, Montana; CLAUDE I.
BURLINGAME, County Attorney, and
SANDERS COUNTY, MONTANA,

        Defendants and Respondents.

---

APPEAL FROM: District Court of the Twentieth Judicial District,
In and for the County of Sanders,
The Honorable C. B. McNeil, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Douglas Law Firm; S. Charles Sprinkle, Libby, Montana

    For Respondent:

        Recht & Greef; John D. Greef, Hamilton, Montana

---

        Submitted on Briefs: April 30, 1987

        Decided: June 23, 1987

Filed: JUN 23 1987

_Ethel M. Harrison_
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal from a summary judgment of the District Court of the Twentieth Judicial District in and for Sanders County, Montana. The District Court concluded that Sanders County was estopped from refusing to record certain deeds although descriptions to the parcels of land did not meet the requirement of § 76-3-401, MCA, for aliquot part descriptions. The court required the parcels in question to be surveyed on resale before the resale deed could be recorded, however. The court also granted summary judgment in favor of Sanders County, concluding Timberland was not entitled to recover damages. Timberland appeals the condition precedent to recordation of certain deeds and the summary judgment in favor of Sanders County. We uphold in part and reverse and remand in part.

The facts are undisputed. In the spring of 1978, Timberland Resources purchased and began the resale of contiguous parcels of property, each in excess of twenty acres, located in Sections 22, 23, and 27 of Township 24 north, Range 32 west, Sanders County, Montana. The parcels were purchased from Trout Creek Land Company. Quitclaim deeds from Trout Creek, as grantor, to Timberland, as a grantee were recorded in 1978 and 1979 in the office of the Sanders County Clerk and Recorder for each of thirty-five tracts. By January 1981, thirty-three of these tracts had been sold by Timberland and a Notice of Purchaser's Interest for each of the sales was accepted and recorded by the Clerk and Recorder.

In January 1981, the Sanders County Attorney took the position that many of the parcels in question had been recorded in violation of the Montana Subdivision and Platting

Act. An Attorney General's Opinion was sought regarding the meaning of "aliquot part" in § 76-3-401, MCA. The county advised Timberland that when deeds for the remaining parcels were presented for recording at the completion of the contract term for which the Notices were recorded, those tracts which did not meet the requirements of § 76-3-401, MCA, would not be recorded without a survey.

Timberland appeals this part of the District Court's order as well as the summary judgment in favor of Sanders County denying Timberland any damages that may have resulted from recision of various earlier contracts. The Court will consider the following issues:

1. The meaning of "one-thirty-second or larger aliquot parts of a United States government section," within the context of § 76-3-401, MCA;

2. whether Sanders County is estopped from bringing an action to enjoin future transfers of the parcels in question; and

3. whether Sanders County is liable to Timberland for damages because of its refusal to record deeds to the parcels in question.

The statute in question, § 76-3-401, MCA, provides:

> Survey requirements for lands other than subdivisions. All divisions of land for sale other than a subdivision after July 1, 1974, into parcels which cannot be described as one-thirty-second or larger aliquot parts of a United States government section or a United States government lot must be surveyed by or under the supervision of a registered land surveyor.

This Court has said:

> The requirement of § 76-3-401, MCA, can be satisfied if the parcel contains not less than 20 acres and is an aliquot part

3

of a government section or lot and if it is divisible into aliquot parts of a government section or lot and the parcel is physically contiguous, even though the aliquot parts may be located in more than one government section or lot.

McCarthy v. Timberland Resources (Mont. 1985), 712 P.2d 1292, 1293, 42 St.Rep. 2016, 2018. In other words, so long as the land in question is not less than twenty contiguous acres and can be described with reference to United States government sections it complies with § 76-3-401, MCA.

Section 76-3-402(3), MCA, provides that "division of sections into aliquot parts . . . shall conform to United States bureau of land management instructions . . . " Sanders County argues that because Timberland proposes a twenty acre parcel which lies in two government sections, it is described by a different scheme than the bureau of land management instructions, and thus is not an aliquot part which can be filed without a survey. We reject this argument for two reasons, however. The crux of the issue is whether the property is identifiable. "[D]eeds . . . must contain an adequate description of the property to be conveyed." In re Estate of Verbeek (Wash 1970), 467 P.2d 178, 186; Sparks v. Douglas County (Wash 1985), 695 P.2d 588, 589.

First, as clearly stated in McCarthy, supra, the aliquot parts may be located in one or more sections. The parcel in question lies in two government sections, and does not conform to the standard shape of a twenty acre aliquot part. Nonetheless, it can be described with reference to United States government sections. The description of the land has not changed since it was divided by Trout Creek, quitclaimed to Timberland, and the quitclaim deeds were duly recorded. Division of this land into parcels pursuant to § 76-3-401, MCA, occurred at that time.

4

> "Division of land" means the segregation
> of one or more parcels of land from a
> larger tract held in single or undivided
> ownership by transferring or contracting
> to transfer title to or possession of a
> portion of the tract or properly filing a
> certificate of survey or subdivision plat
> establishing the identity of the
> segregated parcels pursuant to this
> chapter.

Section 76-3-103(3), MCA. Nor are the parcels subdivisions. "'Subdivision' means a division of land or land so divided which creates one or more parcels containing less than 20 acres . . . in order that . . . the parcels may be sold, . . . " Section 76-3-103(15), MCA.

Second, subsequent transfer of the property did not meet any exceptions which would cause it to require a survey, thus precluding the Clerk and Recorder from recording it. Section 76-3-302, MCA. At the time Trout Creek quitclaimed the property to Timberland and it was properly recorded, § 7-4-2613, MCA, the requirements of § 76-3-401, MCA, were met.

The Court is reluctant to apply the doctrine of equitable estoppel to governmental entities as a matter of policy. In general, its application will be looked on with disfavor and the doctrine will be applied only in exceptional circumstances or where there is manifest injustice. See Chennault v. Sager (Mont. 1980), 610 P.2d 173, 176, 37 St.Rep. 857, 860. We agree with the District Court that, "it would be a manifest injustice . . . to require . . . a survey." Sanders County did not require a survey before accepting notices of real estate contracts for recording. It cannot now require one prior to accepting for recording a deed bearing the same description as the Notice. It is too late for the buyer and the seller to include the costs of a

5

survey in negotiating the contract sales price. For these reasons and because we determine Timberland is not in violation of § 76-3-401, MCA, Sanders County is estopped from bringing an action to enjoin future transfers of the parcels in question.

The county is directed to accept and record deeds for the parcels in question, where the size of the parcel is twenty acres or more, where the Notice of Purchaser's Interest for the parcel was accepted and recorded, and the parcel can be described with reference to United States government sections. A survey of those parcels on resale is not necessary in order for the resale deed to be recorded.

We uphold the District Court in its determination that Timberland is not entitled to damages. In the McCarthy case, supra, we allowed McCarthy to rescind his contract with Timberland because Timberland could not deliver marketable title to McCarthy due to refusal of the Clerk and Recorder to record the deed. We did not address the legality of the Clerk and Recorder's action. Clearly, however, among Timberland's alternatives was to proceed with a survey, or to bring an action to compel Sanders County to accept the description. Timberland had the means to preclude rescission actions, but took no steps toward this end until this action. It would be unreasonable to award damages under these circumstances. Thus, Sanders County is entitled to summary judgment.

We remand this case to the District Court for action consistent with this opinion.

John Conway Harrison
Justice

6

We concur:

_A. A. Turnage_
Chief Justice

_John L. Sheehy_

_William E. Hunt Sr._

_R. C. McDonough_
Justices