FRUGÉ, Justice ad hoc;
The Davis-Wood Lumber Company, Inc., having instituted suit to recover the sum of *828 $20,624.35 for supplies, materials, and labor furnished the defendant, Robert M. Wood, Jr., in the construction of a house, and to have its lien and privilege duly recorded in the office of the Recorder of Mortgages recognized, is appealing from a judgment of the lower court cancelling the said lien on ,a rule taken by the defendant.
The basis of the rule for the erasure and cancellation of the lien is (1) it is composed in part of matters for which no such lien ■can be given, (2) it does not comply with the requisites of the law, and (3) it was not timely filed.'
Under the express provisions of LSA-R. S, 9:4812 (which is a reproduction in the Revised Statutes of 1950 of Section 12 of Act 298 of 1926, as amended and re-enacted by Section 1 of Act 323 of 1938) it is stated:
“When the owner, or his authorized agent, undertakes the work of construction, improvement, repair, erection, or reconstruction, for the account of the owner, for which no contract has been entered into, or when a contract has been entered into but has not been recorded, as and when required, then any person furnishing service or material or performing any labor on the said building or other work may record in the office of the clerk of court or recorder of mortgages in the parish in which the said work is being done or has been done, a copy of his estimate or an affidavit of his claim or any other writing evidencing same, which recordation, if done within sixty days after the date of the last delivery of all material upon the said property or the last performance of all services or labor upon the same, by the said furnisher of material or the said laborer, shall create a privilege upon the building or other structure and upon the land upon which it is situated, in favor of any such person who shall have performed service or labor or delivered material in connection with the said work or improvement, as his interest may appear. * * *»
According to the facts as disclosed by the record, the lien was clearly filed within the sixty-day period. 0
Under the plain wording of this section a person furnishing material or service to, or performing any labor for, the owner need only file an affidavit of his claim with-’ in sixty days after the date of the last delivery of material to said property or the last performance of labor thereon in order to create a lien. It would seem then that the owner of the property against which a lien is filed who seeks to have the recordation cancelled and erased by a rule to show cause merely calls upon the person recording the lien to show some color of right to the lien and that the affidavit or other writing evidencing the claim was timely filed. To go further and require the person recording the lien to prove the validity of each item making up his claim on the rule *830 to show cause would be to try the merits of the case by rule.
On the trial of the rule, plaintiff showed that materials were furnished for the construction of the house on September 29, 1949. The affidavit by the president of the plaintiff company which was recorded on November 17, 1949, was clearly within the sixty day period. The affidavit by the plaintiff in this case set out the nature of the claim, the amount thereof, and the property it was asserted upon. Such is all that the law requires.
The statement of account attached to the affidavit shows that the amount of the lien contains monies advanced by plaintiff to defendant to pay for labor performed on the house and payments by plaintiff to laborers on behalf of defendant for labor performed on the house and payments by plaintiff for workmen’s compensation insurance and builder’s risk insurance. It is these items which the trial court felt were “non-lienable” and which destroyed the effect of the lien. As stated above this would go to the merits of the case, and defendant in a rule to show cause why the lien should not be erased and can-celled is not then called upon to prove up the validity of each item making up his lien. There is no doubt that materials were furnished the owner for construction of the house. If on the trial on the merits certain items claimed are found to be “nonlienable” they should then be excluded -from the amount for which the lien is recognized. The fact that plaintiff may not on the trial of the case be able to prove the . entire amount of the lien claimed is no reason, why the lien should be cancelled and erased.
For the reasons assigned, the judgment of the district court is annulled and set aside, and the rule to show cause why the lien recorded November 17, 1949, in M.O.B. 171, Folio 9 and re-inscribed on November 16, 1950 in M.O.B. 186, Folio 487, Parish of Jefferson, Louisiana, bearing on the property fully described in Article 3 of plaintiff’s petition should not be cancelled and erased is dismissed; Robert M. Wood, Jr., defendant in main demand and plaintiff in rule to pay costs.