960 So.2d 1254 (2007)
SUCCESSION OF Leola LARD (nee Peoples), Plaintiff-Appellee,
v.
David POLAND d/b/a Landstar, Inc., Defendant-Appellant.
No. 42,284-CA.
Court of Appeal of Louisiana, Second Circuit.
June 20, 2007.
Pamela Blankenship, for Appellant David Poland d/b/a Landstar, Inc.
John C. Blake, Jonesboro, for Appellees Zula Peoples Qualls, Succession of Leola Peoples Lard, and David Poland d/b/a Landstar, Inc.
James E. Beal, Jonesboro, for Intervenors George Lee Loyd (Lard) and Dennis Lamar Loyd (Lard).
Before GASKINS, DREW and MOORE, JJ.
*1255 MOORE, J.
Appellant, David Poland d/b/a Landstar, Inc. (hereinafter, "Poland" or "Landstar") appeals a judgment that ordered cancellation and erasure from the public records of a lien that he filed against the Succession of Leola Lard and recorded in the mortgage records of Bienville Parish. For the reasons stated herein, we affirm.

Facts and Procedural History
Anticipating that his mother, Blumer Peoples Poland, who was a sister of the decedent, Leola Peoples Lard, would inherit undivided ownership of a tract of land as a collateral heir in the Succession of Leola Peoples Lard, David Poland obtained a survey of the tract on May 20, 2000, for purpose of dividing the property among the heirs. Mr. Poland contends that he paid for the survey and he alleges that the Administratrix, Zula Qualls, entered into an agreement in which Poland would "advance funds to preserve and benefit the estate with the mutual agreement that any advancements would be repaid prior to the settlement of the estate of the decedent." However, when the Administratrix filed annual accountings for the years 1999 to 2005, she never made disbursements to the Appellant nor requested permission from the court to do so. Nor did she submit the claim in her proposed final tableau of distribution when her tenure as Administratrix ended. In fact, appellate counsel for Mr. Poland acknowledges that there is no evidence in the record that the Administratrix requested the survey or acknowledged the debt incurred as a result of the survey. She requests that the case be remanded for an evidentiary hearing in order to submit evidence that the Administratrix acknowledged the succession debt.
Ms. Qualls was eventually removed as Administratrix by a motion filed by Dennis Lamar Loyd and George Lee Loyd, two grandchildren of the decedent.[1] Dennis was appointed Administrator of the succession.[2]
In April 1, 2005, nearly five years after the survey was made, Poland filed an $18,000 lien against the property for payment of the survey dated May 20, 2000. According to the affidavit or "Claim of Lien" that Mr. Poland executed before a California notary, he attested that he served notice of the lien on the owner on April 28, 2005. The Administrator has denied ever being served with such notice.
On January 17, 2006, the new succession administrator filed a petition to sell timber from the property. Notice of the proposed sale was published on February 16, 2006 and February 23, 2006.
On March 7, 2006, Mr. Poland filed into the succession record an apparent opposition to the sale which consisted of the following documents: the affidavit or "Claim of Lien," a plat of the survey, a notarized affidavit attesting that Landstar, Inc. is the lienor and that David Poland is the agent or officer of Landstar, and a letter-sized sheet of paper captioned "David Poland, 5321 San Onofre Ter., San Diego, CA 92114" and a photocopy of the *1256 legal notice by the succession administrator regarding the proposed sale of timber.
In response, the administrator filed a rule to show cause why the lien should not be invalidated and removed, and the opposition to the sale of the timber dismissed. He requested that Landstar be cast in judgment for costs and attorney fees. Prior to the hearing, the Administrator filed an amended rule alleging that the lien was invalid because it had not been filed within 60 days of the work performed and had prescribed under the three-year liberative prescription for suits on open account.
The matter was taken up at a hearing on July 13, 2006. The court listened to argument from Mr. Beal, attorney for the current succession representative, and Mr. Blake, counsel for the former succession representative and who appeared now as Mr. Poland's attorney regarding the lien. The court allowed Mr. Blake to proffer into evidence some of Mr. Poland's alleged expense receipts into evidence. No other testimony was adduced at the hearing. Ruling from the bench, the court found that the claims had prescribed. A signed, written judgment was issued on July 23, 2006, cancelling the lien and ordering it erased from the public records and allowing the timber sale to go forward. Landstar filed this appeal alleging two assignments of error:
(1) The trial court erred in characterizing the lien claim as an open account and then ruling that the claim had prescribed.
(2) The trial court erred by not recognizing an apparent conflict of interest by attorney Blake who represented the prior succession Administratrix, the Succession and the alleged creditor of the succession, David Poland d/b/a Landstar, Inc.

Discussion
By his first assignment of error, appellant alleges that the trial court erred in characterizing the debt for which the lien was filed as an "open account" and therefore prescribed, and that the trial court failed to conduct an evidentiary hearing on the issue of whether the claim had prescribed.[3] Although the trial court did not give written reasons for judgment, the judge stated at the hearing on the rule that the two issues before the court were whether the lien itself was timely filed and whether the claim had prescribed as an open account subject to the prescription of three years. The court found that the claim(s) had prescribed and said he was going to allow the sale to go forward. The signed judgment issued on July 23, 2006, ordered the lien cancelled and erased from the mortgage records and approved the timber sale.
Appeals are taken from judgments, and not from findings on various issues in the course of the trial court's determination of the judgment. Davis v. Borskey, 94-C-2399 (La.9/9/95), 660 So.2d 17, 103 Ed. Law Rep. 538. In this case, the judgment appealed from concerns the trial court's ruling on the Administrator's rule to show cause that ordered the lien to be cancelled and erased from the Bienville Parish mortgage records. The judgment in this case concerns solely the validity of the lien recorded against the immovable property in the succession.
We are at somewhat of a loss in this case to ascertain the statutory grounds for which the appellant claims a privilege *1257 against the succession. The succession in this case is under administration and the alleged debt was incurred during administration. Therefore, La. R.S. 9:5011 through 9:5016 in which creditors of the deceased are given a privilege on all the immovables left by the deceased are inapplicable.
Landstar essentially argues that the debt for which the lien was filed is an estate debt arising as a succession administration expense incurred for the preservation of the estate. La. C.C. art. 1415. Estate debts are charged against the property of the estate and its fruits and products. La. C.C. art. 1421. Specifically, administration expenses are charged first to the fruits and products of property and then to the property itself. Of course, these codal provisions are intended to direct the administrator as to how to pay the debts from estate property. Generally, charges such as funeral charges, law charges and claims against the succession originating after the death of the person whose succession is under administration are to be paid before the debts of the deceased and are not required to be recorded. La. C.C. art. 3276.
The other privileges on immovables that are authorized by the Civil Code are established in Civil Code articles 3249 and 3252. La. C.C. art. 3249(2 & 3) provides a special privilege on immovables to workmen such as "architects, undertakers, bricklayers, painters, master builders, contractors, subcontractors, journeymen cartmen and other workmen employed in constructing, rebuilding or repairing houses, buildings, or making other works," and also "[t]hose who have supplied the owner or person employed by the owner or his agent . . . with materials of any kind for the construction or repair of an edifice or other work." These privileges are preserved by recordation. La. C.C. art. 3272. The method and manner of preserving and recording most of these privileges are now covered under the Private Works Act. La. R.S. 9:4801 et seq.
La. C.C. art. 3252 establishes a general privilege on both movables and immovables for the following: (1) Funeral charges; (2) Judicial charges; (3) Expenses of last illness; (4) The wages of servants; and (5) The salaries of secretaries, clerks and other agents of that kind. The services allegedly provided by Landstar do not appear to fit within this category.
The matters of record in this case establish that an affidavit styled "Claim of Lien" was filed and recorded in Bienville Parish in April of 2005. This document states that David Poland is the lienor or agent of the lienor, and that "in accordance with a contract with Landstar, Inc., he (Poland) provided labor, services, or materials consisting of" [the] "Boundary Line Survey of 60.37 acre tract of land being situated in the SW 1/4 SE 1/4 and E ½ SE 1/4 SW 1/4, Section 22, T14N, Bienville Parish, Louisiana" on the real property. The lien document further states that the value of the services is $18,000, of which "zero" remains unpaid. Finally, the document states that the first of the items were furnished on May 20, 2000, and the last of the items on April 28, 2005.
In addition to the above-described "Claim of Lien" submitted in opposition to the Administrator's request to sell the timber, the appellant submitted an additional notarized document to the effect that Landstar, Inc. is the lienor and he (Poland) is its agent. However, the lien affidavit asserts that he (Poland) was the lienor or agent of the lienor who provided the survey by virtue of a contract with Landstar, Inc. The survey, which is the sole "labor, services, or materials" described in the lien, was completed on May 20, 2000. The plat resulting from the survey that was *1258 submitted into the record indicates that Poland did not do the survey. The plat bears the name, Hulett & Associates, Professional Land Surveyors located in Louisiana, and a certification stamp indicates that the survey was performed by Walter Glen Kirkland, a certified professional Louisiana land surveyor. The plat also indicates that the survey was requested by Mr. David Poland.
Neither party called witnesses at the hearing on the rule, but the statements of counsel at oral argument indicate that the actual cost of the survey was $4000, which Poland (or Landstar) apparently has paid, and Poland (or Landstar) claims he is owed the remaining $12,000 balance because the succession was enriched as a result of the survey, which uncovered the existence of a timber trespass on the tract. Additionally, he claimed to have incurred some bills in preservation of the property, which included energy bills and water bills.[4]
Finally, from statements made at the hearing on the rule, it appears that Mr. Poland is not alleging that he did the survey himself. There is no evidence of a contract between the succession Administratrix or Administrator and Landstar or Mr. Poland to perform work on the immovable property.
We observe initially that Landstar's lien cannot be characterized as a surveyor's lien under La. R.S. 37:701(H)(1), which affords a lien or privilege in favor of professional land surveyors against the immovable property associated with the professional surveying services provided when engaged by the owner to provide those surveying services. The surveyor's lien must be filed within 90 days of the date of rendition of the services. La. R.S. 37:701(H)(2). Since the lien was not filed until nearly five years after the survey, any right to file a surveyor's lien was prescribed, and inasmuch as neither Landstar nor David Poland appear to be professional land surveyors, the lien is not a surveyor's lien to begin with.
Hence, we conclude that the lien was filed as a Private Works Act lien governed by La. R.S. 9:4801, et seq. The language of the lien document suggests that it is a lien of this nature. The document states that the lienor provided labor, services or materials on the property and describes the property and the survey. There is no recorded contract between the Administratrix and the lienor, however.
The owner of the property against which a lien is filed who seeks to have the recordation cancelled and erased by a rule to show cause merely calls upon the person recording the lien to show some color of right to the lien and that the affidavit or other writing evidencing the claim was timely filed. Davis-Wood Lumber Co. v. Wood, 224 La. 825, 71 So.2d 125 (La.1954). To go further and require the person recording the lien to prove the validity of each item making up his claim on the rule to show cause would be to try the merits of the case by rule. Id.
There is no evidence that Mr. Poland is a surveyor, workman or laborer who provided the services in the lien. Under La. R.S. 4801, a contractor has a privilege on an immovable to secure the obligations of the owner arising out of work on the immovable. Assuming, arguendo, that Landstar, Inc. or Poland met the definition of a contractor, the lien is nevertheless invalid. Persons claiming a lien or privilege under R.S. 4801 or out of a general contract under R.S. 4802, shall file a statement of their claim and privilege within *1259 sixty days after "substantial completion or abandonment of the work, if notice [of termination of the work] is not filed." La. R.S. 9:4822(B) & (C). The sixty days begins to run after the work is completed and expires thereafter. La. R.S. 9:4822(D). The record is clear that the survey, which is the only service for which a lien against the immovable could have been filed, albeit not by Mr. Poland, was completed on May 20, 2000. The lien was filed nearly five years later, long after the time to file the lien had expired.
As previously stated, there is no evidence in the record of a contract between the Administratrix and Mr. Poland or Landstar. The evidence in the record indicates that the service or labor provided in this case was provided neither by Mr. Poland, nor by his or Landstar's employees. However, there is nothing in the record to indicate that Mr. Kirkland or Hulett & Associates were employees of Landstar, Inc. Hence, while a contractor may file a lien for the amount he pays his employees for the work, that is not the circumstance here. Mr. Poland apparently alleges he is the lienor who provided the service of hiring the surveyor, increased the value of the succession and managed or paid some water and electrical bills. We observe that these circumstances, such as hiring a surveyor, arranging for electrical and water services, and other things, are simply not the kind of services protected by the Private Works Act. See Gauguin, Inc. v. Addison, 288 So.2d 893 (La. App. 1 Cir.), writ denied, 293 So.2d 167 (La.1973), where similar services provided by a real estate agent did not fall under the Private Works Act.
Lien statutes are strictly construed and rigidly interpreted against lienors. Their purpose is to protect materialmen, laborers, and subcontractors. By simply hiring a surveyor to survey the boundaries of the property or by paying some bills, Mr. Poland did not step into the surveyor's shoes so as to acquire the right to file a lien against the immovable property for the payment of the surveyor's services or obtain a privilege against the immovable to recover debts he paid. This record indicates he unilaterally decided to have the property surveyed and paid the surveyor, anticipating that his mother would inherit. These actions make him neither a contractor or subcontractor under the Private Works Act. Accordingly, the judgment of the trial court cancelling the lien and ordering it erased from the public records is affirmed.
Appellant's other argument is that the evidence was insufficient to make a determination of the prescription issue without holding an evidentiary hearing. Appellant was not prohibited from putting on evidence at the hearing on the rule. However, on its face, the claim appears to have prescribed both as a lien and as an open account. Counsel for appellant presented his argument and put evidence of the lien and the debt in the form of receipts in the record. He did not adduce any oral testimony to prove the alleged agreement between Zula Qualls and the appellant, or any evidence that Qualls acknowledged the debt so as to interrupt prescription, assuming that the debt was an open account. The district court concluded that the appellant failed to carry its evidentiary burden of proving that the claim had not prescribed.
Finally, the appellant assigns as error the trial court's failure to notice on its own motion that appellant's counsel had a conflict of interest or apparent conflict of interest. Mr. Blake, who represented the appellant regarding the lien, had also represented the succession and Zula Qualls up until she was replaced as Administratrix of the succession. Accordingly, counsel for *1260 appellant asserts that there was a conflict of interest.
Inasmuch as the alleged conflict is not part of the judgment on appeal, there is nothing to review. Mr. Blake submitted a brief response to the charge of a conflict disputing fully the existence of any conflict. He states that his representation of Ms. Qualls and the succession ended before he was retained by Mr. Poland. Mr. Poland has not shown that he was prejudiced in any way by the alleged appearance of a conflict. Accordingly, this claim is without merit.

Conclusion
For the foregoing reasons, the judgment of the district court cancelling the lien and ordering it erased from the mortgage records of Bienville Parish is affirmed at appellant's cost.
AFFIRMED.
NOTES
[1] The decedent Leola Lard, and her husband (predeceased) had a son, Arthur Lee Loyd, Sr., who predeceased his mother and father, but not before fathering children of his own. A third grandchild, Arthur Lee Loyd, Jr., now deceased, was later found to be a son and legal heir.
[2] Following the trial on that motion to remove Ms. Qualls, the court rendered a judgment on May 25, 2005, finding that Dennis Lamar Loyd and George Lee Loyd are the natural children of Arthur Lee Loyd, Sr., a predeceased son of decedent, and therefore they were the grandchildren and legal heirs of Leola Peoples Lard. The court also acknowledged the birth of a third child, namely, Arthur Lee Loyd, Jr., and ordered that his rights or those of his heirs are reserved until his status as a legal heir is proven.
[3] He contends that an evidentiary hearing would permit him to show there was an agreement between himself or Landstar, Inc. and the Administratrix, and that the Administratrix acknowledged the debt and interrupted prescription.
[4] Although the trial court allowed these items to be proffered into evidence for purposes of an appeal, they are not present in the appellate record.